UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**RAFAEL DURAN,**
Individually and on behalf of
all similarly situated people,

       Plaintiff,

vs.

**SARA LEE CORPORATION d/b/a
SARA LEE FOOD & BEVERAGE,
SARA LEE FOODSERVICE, AND
COUNTRY COMMONS,** a foreign
corporation,

       Defendant.
_____/

Case No. 1:11-cv-00313

Hon. Robert J. Jonker

## QUESTIONS TO BE PROPOUNDED TO
## PROSPECTIVE JURORS ON VOIR DIRE EXAMINATION

**NOW COME** Plaintiffs in the above-styled action, and respectfully requests that the following questions be propounded to the prospective jurors on voir dire examination. Plaintiffs further request that pursuant to Rule 47(a) this Court allow additional follow-up questions to be asked by the Court or counsel as may be appropriate based upon the responses given by the prospective jurors to these questions.

1. Who here has ever been through a jury selection process before today?

    a. Please tell me about it.

    b. In which court?

    c. What type of case was it?

    d. Did you actually decide the case?

    e. Tell me how that experience might affect your ability to sit as a juror in this case.

2. Please tell us about your educational background and the educational background

1

of your spouse.

       3.      Would each juror give a brief statement of his or her work background?

            a.      Please tell me about your typical workday.

            b.      Please tell me about your spouse's typical workday

       4.      Has anyone studied law, been employed by a lawyer, or been involved in the legal system in any way?

            a.      Can you tell me about that?

            b.      How would that experience, even a little, affect your ability to be a fair and impartial juror in this case?

       5.      Do any of you have any relatives or close friends who are lawyers or judges?

            a.      Have you ever discussed with that person the role or impact of lawsuits in our society?

            b.      How would your relationship with a lawyer or judge impact your ability, even a little, to be a fair and impartial juror in this case?

       6.      You know ladies and gentleman we have all probably heard a lot lately about legal reform, tort reform, verdicts being too high, lawyers taking advantage of the system, frivolous lawsuits, verdicts hurting business, hurting medical care, raising insurance rates, all those things. We need to know how you feel about those things.

            a.      What are your thoughts about these things?

            b.      Tell me about lawsuits and lawyers these days?

            c.      What bothers you about the legal system?

       7.      Has anyone ever been involved in a lawsuit as a Plaintiff, a Defendant, or a witness? If so, please tell me about that experience.

       8.      I want to ask some questions about proof. Since this is a civil case the plaintiff has the burden to prove certain things in order to prevail. The Defendant also has the burden of proof on certain issues in this case. Since this is a civil case the burden of proof is not beyond a

reasonable doubt like in a criminal case but only by a preponderance of the evidence which means that the party with the burden of proof must show that it is more likely true than not true. You can have doubts on both sides. As many doubts as you want. As long as after you weigh all the doubts you believe that it is more likely true than not, even just slightly, that party has proven their case.

    a.    Since all the Plaintiffs have to do in order to prevail is show you that what they claim is more likely true than not true, some people think that such a low burden of proof is not fair to the defendant. Other people think that rule is just fine. Are you closer to thinking it might be unfair? Are you closer to thinking it is okay?

    b.    Tell me why you feel that way?

9. Do any of you know any of the following people who may be witnesses in this case: (Read names from the Parties' Final Witness Lists)

10. Have any of you ever had a job where you had the authority to hire, promote, suspend, terminate or make other personnel decisions?

11. Have any of you ever owned your own business?

12. Have any of you ever managed a business for someone else?

13. Have any of you ever held a management position with any employer?

14. Have any of you ever worked for a personnel department of any company?

15. Have any of you ever had a job, owned a business, managed a business, or under any other circumstances been responsible for determining how much money an employee should be paid?

16. Have you ever been terminated or laid off from a job?

17. Have you ever been suspended from a job?

18. Have any of you ever had a job, owned a business, managed a business, or under

any other circumstances been responsible for determining the number of hours that employees are required to work?

19. Has anyone on the jury ever had an employer that did not pay you for all of the work that you performed for your employer?

20. There has been a lot of discussion recently about the minimum wage as the President is asking Congress to raise the minimum wage. This case is not directly about minimum wage but about a different part of the same law that requires employers like Sara Lee who have employees that work more than 40 hours in a week to pay those employees overtime pay at 1 and ½ times their regular rate for any time they work more than 40 hours. How do you feel about the fact that the law requires employers to pay employees overtime wages if they work over 40 hours?

21. Does anyone think that it is wrong or unfair that employers are required to pay overtime wages for time worked above 40 hours?

22. How do you feel about an employee suing his or her former employer to recover wages for work performed over 40 hours in a week that was not paid for by the employer?

23. Without getting into specifics, the evidence in this case is going to show that the time at issue is less than an hour per day and could be 10 minutes per day or less. It is going to be up to you decide if the plaintiffs are entitled to be compensated for the time at issue and if so, how much time per day. Does anyone feel that this case is trivial or unimportant because it is only dealing with a few minutes per day of time?

24. How would you feel if your employer failed to pay you $500.00, $750.00, $1000.00, $2000.00 that you were owed for work that you performed over the course of a year?

25. How do you feel about an employee suing their employer for wages that are owed

even if it turns out that the amount owed per day is only a few dollars?

26. If an employee was paid a base wage of $10.00 per hour the overtime rate would be $15.00 per hour. Sara Lee has approximately 495 hourly production employees. If you use a base wage of $10.00 per hour, and if Sara Lee fails to pay each employee for one hour of overtime per week over 50 weeks per year, the Company is saving $371,250.00 that should have been paid out in wages to its employees. How does that make you feel about the Plaintiffs suing for the money they are owed?

27. Does anyone on the jury currently work for the Defendant Sara Lee or Hillshire Brand or have you ever worked for Defendant Sara Lee or Hillshire Brands?

28. Do you know anyone who either currently works for the defendant: Sara Lee and/or Hillshire Brands or in the past has worked for the defendant: Sara Lee and/or Hillshire Brands. If so, who is the person and what is/was their job?

29. As was indicated previously, in this case you are going to asked to determine if the Plaintiffs are entitled to compensated for the time at issue and, if so, how may minutes per day they should be compensated. Is there anyone here who, if the evidence so warrants, will have difficulty deciding that Sara Lee had an obligation to pay for the time at issue and in determining the number of minutes that should have been paid, even if this determination will result in a large monetary amount being owed**?**

30. Have any of you ever worked for or had any dealings with the following?

    a. Sara Lee and/or Hillshire Brands;

    b. A beef processing plant;

    c. A meat processing plant;

    d. A food processing plant;

31. Have you personally met the lawyers for the defendant or anyone else you may

believe may be associated with their office?

(Read the names of all defense counsel and their law firms.)

32. Is there anyone here who for any reason (religious, philosophical, etc.) does not feel that he or she can sit and decide or "judge," this case without prejudice toward any of the parties?

33. Has anyone ever held a job or been in a position where you were responsible for insuring that the provisions of the Fair Labor Standards Act were being followed as they relate to employee compensation?

34. Does anyone feel like they have any particular knowledge or expertise regarding the provisions or requirements of the Fair Labor Standards Act?

35. Please raise your hand if you are currently employed in a position where you are paid by the hour.

36. Please raise your hand if you have ever been employed in a position where you are paid by the hour.

37. For those of you who are currently employed in a position where you are paid by the hour or have been employed in the past in a position where you were paid by the hour; please explain the method used by the employer to keep track of your hours so that you could be paid for the correct amount of time.

38. Do you believe that employees who are paid by the hour should be compensated for all work that they perform for their employer?

39. Do you believe that there is some work that hourly employees perform for their employer that the employer should not have to pay for being performed, and if so, what type of work is this?

40. There is a concept in the law called the continuous workday which means that once an hourly employee has begun performing activities for which he or she is required to be paid the employer has to pay the employee for all time until the employee completes the last activity for which he or she is required to be paid. This includes break time, waiting time, walking time, or any other time unless the employee is provided a bona fide meal break which can be deducted from working time. How do you feel about the law requiring an employer to pay an employee for break time, walking time, or waiting time while the employee is on the job at the employer's premises?

41. Is there anyone on the jury who would not sue a former employer if you felt that you had not been paid the money you were owed?

42. Have you ever been employed in a job in which you were not paid for all work activities your employer required you to perform? If yes, please explain.

43. Have any of you ever been employed in a job position in which you were required to use a time clock for recording your attendance or time? If so, what was your job position?

44. Has anyone ever been employed in a job where you were paid by the hour and were required to use a time clock but that the time clock was not used for determining the number of hours you were paid? If so, how was the number of hours you got paid determined?

45. Has anyone ever been employed in an hourly position where you had to perform preliminary tasks before you could begin your primary job responsibility. For example, maybe a mechanic has to gather all of their tools and supplies before they actually start to fix an automobile or you work at a computer terminal and have to arrive a few minutes early to allow the computer to boot up before you can start working, or you have to have a meeting before you start working, or you have to perform exercises or stretching before you begin working? If so,

were you paid for that time?

46. How many members of the jury feel like an employee should be paid for time they spend performing preliminary tasks like those identified above? Please explain why?

47. How many members of the jury feel like an employee should not be paid for the time they spend performing preliminary tasks like those identified above? Please explain why?

48. Has any member of your family ever been sued before, if so, what was the outcome of the case?

49. Are any of you required to put on special protective equipment to perform your work for your employer, if so, what type of protective equipment?

50. Are any of you required to wash or sanitize any protective equipment that you use to perform your work for your employer?

51. If any of you are required to put on special protective equipment to perform your work for your employer, are you compensated for the time you spend cleaning and/or sanitizing this equipment?

52. Do you or any of your family members belong to a labor union? If so, which one?

53. Do any of you know anyone else on this jury panel?

54. Does anyone on the jury feel that keeping employees free from injury does not provide a benefit to an employer?

55. Do any of you view negatively someone who files a lawsuit? Or a lawyer who regularly represents plaintiffs?

56. Do any of you have a negative opinion of employees who cannot speak English?

57. Can each of you without any reservation whatsoever commit to the Court that you will not be prejudiced against an individual simply because he or she cannot speak English?

58. Do any of you think that companies should not hire employees who cannot speak English?

59. Is there anyone of you that has a problem with people from other countries, as a general rule, coming to the United States for economic opportunity?

60. Do any of you think that you could not fairly judge a case in which the plaintiffs and/or witnesses do not speak English?

61. As everyone in this room is aware, there has been in the last 10 years or so a large influx of Spanish speaking individuals who have come to this country to find better economic opportunities to improve their lives, just as many of our ancestors did. Can each of you commit to the Court, the lawyers and the parties, with absolute certainty, that you are not prejudiced toward these individuals in any manner and that you can be just as fair and impartial in your deliberations if selected as jurors as you would to an English-speaking American citizen who was a plaintiff in this case.

62. We all have biases or at least subtle biases, since it is human nature. Because of this, there will be types of cases where our biases just make us the wrong juror for the case. For example, if you were hit by a drunk driver, you might not be a good juror in a case against beer manufacturer. Is there anyone who thinks that there is anything at all that would make you a wrong juror for this case?

/s/Matthew L. Turner
Matthew L. Turner (P48706)
Jesse L. Young (P72614)
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
mturner@sommerspc.com
jyoung@sommerspc.com

M.A. Cascante (P74170)  
Robert A. Alvarez (P66954)  
Avanti Law Group, P.L.L.C.  
600 28th Street S.W.  
Wyoming, MI 49509  
(616) 257-6807  
mcascante@avantilaw.com  
ralverez@avantilaw.com  

Dated: February 11, 2014

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on February 11, 2014, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Veronica L. Stewart  
vstewart@sommerspc.com