UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RAFAEL DURAN,

    Plaintiff,                            Case No. 1:11-CV-313

v.                                               Hon. Robert J. Jonker

SARA LEE CORPORATION d/b/a
SARA LEE FOOD & BEVERAGE,
SARA LEE FOODSERVICE, and
COUNTRY COMMONS, a foreign
corporation,

    Defendant.
_____/

**ORDER AWARDING EXPENSES INCLUDING ATTORNEY'S FEES
ON MOTION TO STRIKE
AND
DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**


On March 1, 2012, defendant prevailed on a motion to strike an affidavit plaintiff sought to use in support of his motion to certify this case as a collective action. Order of Court, March 1, 2012 (docket no. 40). In that order, defendant was awarded reasonable expenses incurred in making the motion (docket no. 32), including attorney's fees. The order further provided that "[i]n the event the parties cannot agree upon the amount, defendant shall file within (14) days of this order an affidavit and any supporting papers identifying the costs to which it is entitled. Plaintiff shall have (14) days thereafter to respond in kind. The Court will decide the matter on the papers unless it believes a further hearing is necessary." *Id.* Order, March 1, 2012.

1

On March 15, 2012, the parties submitted a proposed stipulation to postpone consideration of the attorney's fees in hopes of resolving the case. The stipulated order drafted by the parties, which was signed by the Court on March 16, 2012, provided that "(1) further briefing on the attorney's fees and costs defendant incurred in connection with the motion to strike is stayed; (2) defendant is permitted to submit proof of such fees and costs within 14 days after defendant subsequently informs the court that a decision on the amount of attorneys' fees and costs is necessary; and (3) plaintiff shall be permitted to respond within 14 days thereafter." Order Staying Further Briefing (docket no. 43).

On May 17, 2013, defendant filed the pending Motion for Attorneys' Fees and Costs (docket no. 102). This motion, in pertinent part, seeks an order awarding Sara Lee its reasonable attorney's fees related to its motion to strike plaintiff's affidavit, in the amount of $14,487.00, and it seeks an additional $10,362.00 in attorney's fees and costs for bringing the present motion. Defendant also seeks $281.30 for the cost of the transcript of the March 1, 2012 hearing.[1] The requests will be considered separately.

**I. Reasonable Attorney's Fees on Defendant's Motion to Strike**

There is no question that defendant is entitled to reasonable expenses, including attorney's fees, for prevailing on its motion to strike plaintiff's affidavit. That order was never appealed; the calculation of reasonable expenses was simply postponed. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on a litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433

---

[1]Defendant's present motion also sought attorney's fees and costs which were awarded to Sara Lee for prevailing on its motion for a protective order on May 3, 2013. Docket No. 98. The portion of the protective order requiring payment of attorney's fees and costs was subsequently vacated, see Order of June 19, 2013, Docket No. 116, rendering the related portions of the pending motion moot.

2

(1983). The sum yielded by that calculation, which is known as the Lodestar, provides an objective basis for an initial estimate of the value of a lawyer's services. *Id.* Where both the number of hours and the rate claimed are reasonable, "the Lodestar is presumed to be the reasonable fee to which counsel is entitled." *Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 552 (6th Cir. 2008). Defendant, moreover, argues for an upward adjustment of the Lodestar in light of the court's finding that some of plaintiff's discovery responses were "misleading" with respect to the affidavit, citing *Communities for Equity v. Michigan High Sch. Athletic Ass'n,* 2008 WL 906031, at *4 (W.D. Mich. March 31, 2008), for the proposition that "[w]hile there is a 'strong presumption' that the Lodestar fee is reasonable, pertinent circumstances may warrant an adjustment either upward or downward."

### A. Reasonableness of Attorneys' Fees

Two attorneys worked on defendant's brief. The $475.00 rate for lead attorney and equity partner Andrew S. Rosenman is not contested by plaintiff, and he has an excellent resume. Nevertheless, the rate of $475.00 per hour appears to be outside even the high end of the various applicable market rates as found in the State Bar of Michigan's 2011 Economics of Law Practice Survey, cited by defendant. *See,* Motion for Attorney's Fees, Docket no. 102, Exhibit 4. For example, the hourly billing rate for attorneys in the Grand Rapids or Kent County area, even those attorneys considered to be at the 95th percentile, would only be $420.00; for those defending employment litigation in the 95th percentile, $450.00; and for attorneys in practice just over 16 years such as Mr. Rosenman, and also in the 95th percentile, $450.00. The only categories that support an hourly fee of $475.00 even at the high end 95th percentile are where attorneys who are equity partners ($475.00 per hour) or work for a firm with over 50 attorneys ($525.00 per hour). This last category is the least persuasive, in the Court's opinion, in assessing a reasonable fee, since it is

significantly impacted by firm dynamics. Any correlation between the size of a firm and the reasonableness of a fee is not explained. Moreover, if the Court were to examine these various factors at their median points, the amounts of the fees would drop off considerably.

Since plaintiff has not challenged the rate of defendant's lead attorney, however, the court will leave counsel at the 95th percentile range. But the Court will adjust the rate downward to bring it more in alignment with the survey, while at the same time making some allowance for the fact that survey is slightly dated. This will bring the rate for Mr. Rosenman to $450.00 an hour.

The $310.00 rate of Mr. Rosenman's associate, Mr. Christopher S. Comstock, has been challenged. He, too, has an outstanding resume, but he had probably been in practice for less than three years when this motion was prepared. Plaintiff argues that a rate of $250.00 for this gentlemen is more reflective of the local market. The court agrees, and will use this number since it is certainly fair. Using the State Bar's economic survey, one finds that an associate able to charge a $250.00 per hour rate would have been working in excess of ten years (compared to Mr. Comstock's three years), and could be expected to be among the 80-90th percentile of attorneys. In the Grand Rapids area, such an associate would be making more than the median of all attorneys and the same median amount as other litigators defending employment cases.

**B.      Reasonableness of Hours Spent**

Defendant seeks $14,487.00 for time spent on the motion to strike. This is broken down as follows:

| | | | |
|---|---|---|---|
| Mr. Rosenman | 25.8 hours @ $475/hr. | = | $12,255 |
| Mr. Comstock | 7.2 hours @ $310/hr. | = | 2,232 |
| | | | **$14,487** |

See Declaration of Rosenman at ¶ 9 (docket no. 106). Comparing the positions set out by the parties in their respective filings, it appears the plaintiff does not take objection to any of the time spent by defendant following its receipt of plaintiff's response to its motion to strike, nor does he object to defendant's preparation for, or attendance at, the hearing on the motion. Together, this amounted to 7.5 hours. Plaintiff's objection is to the amount of time it took defendant to prepare its motion to strike the affidavit in the first place. Defendant claims it took it 33 hours of time to prepare and argue this motion to strike. When the uncontested 7.5 hours are deducted, there are 25.5 hours remaining. Plaintiff believes the motion to strike, with 8 hours for drafting and 8 hours for editing, could have been prepared in 16 hours, or essentially in two-thirds the time defendant took.

Plaintiff's failure to produce the pre-existing affidavit in a timely fashion as required, or to supplement discovery with the affidavit when he had various opportunities to do so, required the defendant to present the Court with an extensive recitation of plaintiff's delinquencies in failing to fulfil his responsibilities. Defendant began working on this motion on January 5, 2012, approximately one month before it was filed on February 3, 2012. Defendant presented it in a comprehensive and compelling manner, and if it took defendant 8 hours longer to research, organize and present, together with the assembled exhibits, than it would have taken plaintiff under the same circumstances, the court upon review of the plaintiff's papers cannot say that this was unreasonable. Defendant will be awarded the full 33 hours requested, as follows.

| | | | |
|---|---|---|---|
| Mr. Rosenman | 25.8 hours @ $450/hr. | = | $11,610.00 |
| Mr. Comstock | 7.2 hours @ $250/hr. | = | 1,800.00 |
| | | | **$ 13,410.00** |

## II.     Defendant's Motion for Attorney's Fees and Costs

Defendant also seeks its attorney's fees and costs for bringing the present motion (docket no. 102) to collect its expenses and attorney's fees on the motion to strike.[2] This motion was unnecessary and indeed improvidently filed. At the conclusion of the hearing on the motion to strike held on March 1, 2012, the Court made it clear that defendant was entitled to reasonable expenses, including attorney's fees. The parties were told that if they could not agree upon the amount of those costs, defendant's counsel should produce an affidavit within 14 days, along with any supporting documents justifying its costs, and that plaintiff's counsel would have a similar time to respond. The court would then decide the matter on those papers, although the Court always reserved the right to hold a further hearing if necessary. The stipulation the parties entered into two weeks later postponed, but did not alter, that procedure. (Indeed, an identical procedure was put into place when defendant prevailed on a subsequent motion for a protective order, which is no longer before the Court. Thus, the procedure cannot have been unfamiliar to the parties.)

Like other procedures that require the parties to discuss an issue to see if they can resolve it before deciding if they need to bring it to the Court's attention, *see,* for e.g., F.R.C.P. 37(a)(1); W.D. Mich. LCivR 7.1(d), this procedure has been effective in resolving most attorney fee disputes. And when it does not resolve the entire issue, it allows the Court to focus on the actual portion of the fees that are disputed. But unlike the procedures referred to above, which are preliminary to filing a motion, the affidavits required here, together with the possibility of a further hearing, are designed to conclude an already existing motion, by providing a party the opportunity

---

[2]Of course as originally filed, this motion also sought expenses and attorney's fees for collecting expenses and attorney's fees for the motion for a protective order. The issue of the latter fees is no longer before the Court. See Footnote 1, *supra.* This reduces defendant's $10,362 request at the outset.

to be heard before costs are assessed. *See,* e.g., Rule 37, *supra.* Here, defendant filed a new motion which was in direct contradiction to the Court's order that an affidavit with supporting documents be submitted and the opposing side be given an opportunity to respond if there was, in fact, a dispute. The new motion, being in derogation of the Court's order, will be denied.

Defendant is nevertheless entitled to its award of reasonable expenses, including attorney's fees, for prevailing on the motion to strike, as discussed above. Whether defendant is entitled to costs in preparing its affidavit and related papers, apart from the present motion, and whether plaintiff is entitled to costs in regard to the new motion being denied, will be discussed in Part IV, *infra.*

### III.     Expenses: Cost of Transcript

Defendant will also receive the cost of the transcript for the hearing on the motion to strike, in the amount of $281.30, which is uncontested.

### IV.     Remaining Issues of Cost

Finally, plaintiff requests an award of attorneys' fees and costs for the time expended responding to the present motion. As discussed, the present motion was an improvidently-filed way of concluding a motion to strike which was already pending before the Court; therefore it should not be given a life of its own as a new motion. It is not appropriate to respond to a motion with another motion. This does not mean that plaintiff is not entitled to costs for defendant's failure to comply with the Court's order. *See, e.g.,* Rule 16(f)(1)(C) and (2); 37(b)(2)(C). In this instance, however, for the reasons stated below, the Court does not find that an award is justified.

Although defendant's motion was unnecessary, as discussed in Part II above, plaintiff nevertheless had to respond to certain documents contained within the motion, i.e. defendant's

7

affidavit and related documents outlining defendant's expenses and attorney's fees for prevailing on the motion to strike. Plaintiff acknowledged as much in his response to defendant's improvident motion when he correctly recalled the appropriate procedure the Court had directed the parties to follow. And plaintiff did, in fact, provide his own estimate of what he felt were the proper expenses and fees due to defendant. Thus, merely because plaintiff had to respond to an unnecessary motion did not mean he would not have had to respond at all in the absence of the motion; he had to respond to defendant's affidavit which was contained within the motion in any event. The additional effort he undertook to point out why the motion was unnecessary – which consisted of reciting this Court's earlier rulings – was not an arduous undertaking.

Defendant, on the other hand, points out in his brief (docket no. 103) at p. 5 that courts routinely award fees and costs for the time spent in litigating fee petitions, citing *Gonter v. Huntvelle Co.,* 510 F.3d 610, 620 (6th Cir. 2007). According to Mr. Rosenman's declaration at ¶ 11, defendant puts these costs at $3,214.50. This figure is arrived at as follows:

```
Research by Ryan Fuoss      4.7 hours @ $310/hr.  =    $1,457.00
Research by Mr. Rosenman    3.7 hours @ $475/hr.  =     1,057.50
                                                       $3,214.50
```

Mr. Fuoss is another excellent young associate of Mr. Rosenman, who had previously clerked for a district judge of this court. He had worked for Mr. Rosenman less than one year at the time this matter arose. Defendant proposes to charge plaintiff $155.00 ($310.00 x .50 hours) for contacting the office of the undersigned to order a transcript of the March 1, 2012 hearing. Frankly, if Mr. Fuoss' secretary spent more than five minutes making this telephone call, he or she spent too much time. Similarly, defendant seeks to charge plaintiff $1,302.00 for researching hourly rates of West Michigan attorneys. This research consisted almost entirely of pulling the State Bar survey,

8

which the court frequently relies upon, as a former law clerk in this district might well know. The Court cannot in good conscience pass along these fees.

Mr. Fuoss also drafted a research memorandum for Mr. Rosenman, which Mr. Rosenman then read. (The specific amount of time for the drafting of this informal memorandum is not determined.) Under the circumstances, the Court will not assess the opposing side for the time two attorneys spent reading the same memorandum. Accordingly, Mr. Fuoss' fees will not be assessed.

Mr. Rosenman's fees (reduced to a rate of $450.00 per hour) amounted to $1,665.00. This included time spent drafting and revising the improvidently-filed motion for sanctions, which cannot be separated out nor assessed. A fair determination of the remaining amount of time spent by Mr. Rosenman, which could be assessed, is that is appears to essentially offset what plaintiff's counsel would be entitled to for prevailing on having Mr. Rosenman's motion dismissed. Since neither is a large figure, and both are sufficiently comparable in nature and amount to constitute a wash, the Court would not be justified in burdening the parties further by attempting to assess either number at this point. Thus, as to these minimal amounts, no costs.

### **Conclusion**

Accordingly, **IT IS ORDERED:**

Defendant shall be awarded the following expenses, including attorney's fees, on its motion to strike, and no others:

| | |
|---|---:|
| Attorney's Fees | $13,410.00 |
| Expenses | 281.30 |
| **Total** | **$ 13,691.30** |

**IT IS FURTHER ORDERED** that defendant's improvident motion for attorney's fees and costs (docket no. 102) is **DENIED** in all other respects. No costs.


Dated: March 5, 2014 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge